Simon, J.
delivered the opinion of the court.
This is an appeal from a judgment rendered on the verdict of a jury declaring the petitioner guilty of fraud towards his creditors, in consequence of which, he was deprived of the benefit of the laws made for the relief of insolvent debtors, and condemned to he imprisoned for the lapse of one year.
On the 21st of December, 1840, the petitioner sued his creditors, and annexed to his petition a schedule of his affairs, the passive side of which contains the following statement:
8. Mme. A. F. Montilly née Léveque, ses droits dotemx etparaphernal,x, [886] ainsi qu'ils sont constates par un acte ches J. Mossy, not. pub. en date du 80 Novernbre dernier, montant á $7264 56, sur laquelle somme fai donné en paAement$%'7Z>¡ 50. Balance $4527 04. W. B. Oe pañement a, Mme. Montilly est fait au moyen de la, vente d'un lot de terre et de trois esclaves dans un moment oüje ne pensáis pas devoir presenter un hilan sitot. The cession of property was accepted by the court for the benefit of the creditors, and on the 13th of January, 1841, Louis Léfebvre, a judgment creditor, carried on the bilan, filed his opposition, alleging several grounds of fraud, to wit: 1. That the insolvent has not made a true, correct and faithful statement of his affairs, has not surrendered all the property he possessed, and has not produced his books in court. 2. That on the 30th of November, 1840, by a public act passed before Jules Mossy, the insolvent made a sale or dation en paiement to his wife, of a certain lot and three slaves for the sum of $2737, in part satisfaction and on account of certain pretended matrimonial rights, amounting altogether to $7264 54, as specified in the notarial act; the whole of which transaction is fraudulent and collusive, and made with a view to defraud the insolvent’s creditors; it is further averred that the pretended rights of the wife cannot he recognized by our laws; that if she obtained a judgment of separation of property against her husband in France, she must go thereto exercise her rights; that the marriage contract of the parties was not made in conformity with our laws, nor with a view to reside in this State; that the judgment of the French tribunal cannot operate as a mortgage on property in Louisiana, unless duly recorded and recognized by our courts of justice; that the judgment of separation of property is null, because it never was executed by the real payment of the rights of the wife by authentic act on all the property belonging to the husband; that the act of sale in question was made to defraud the op *602 ponent who was then and is now a judgment creditor of thehusband, and who [387] therefore had acquired rights upon his property; that the object of said sale was to give an undue preference to the insolvent’s wife, and that by certain proceedings which took place after the passing of said act, the insolvent fraudulently intended to keep off the opponent’s claim so as to allow his said wife to prescribe against the action which could have been instituted against her to annul the said act. The opposition concludes by praying that the insolvent be declared to be guilty of fraud and dealt with according to law; and that in the mean time he be arrested and held to bail.
The insolvent was arrested as prayed for, gave his bond with good and sufficient security .as required by law; and on the 8th February, 1841, he filed his answer to the opposition, denying the charges of fraud therein contained, and alleging that he always acted as an honest man; he further pleads a reconventional demand to the'amount of $5000, and prays that the opposition be dismissed,'and for-judgment in his favor against the opponent for the amount. of his reconvention. ,- The above mentioned judgment was rendered against the insolvent on the verdict of the jury, and after having unsuccessfully attempted, to obtain, a new trial, he took the present appeal.
The first ground of, opposition- appears to us unfounded : the allegation that the insolvent debtor did not surrender all the property he possessed, un" less set up in allusion to the property by him transferred to his wife, which will become the subject.pf our investigation on the second ground, is'not supported by.any evidence; and as he was not a merchant or shopkeeper, in the true sense of the law, he could not be presumed to have kept any commercial books, which would exhibit the real situation of his affairs more fully than the schedule annexed to his petition. He however produced a book, which comes up with- the record, and which appears to be the only one which he ever kept; and there is no evidence showing that he had any other book, except the vague testimony of witnesses who heard him speak of his books in [888] the plural, without specifying what they were; but this, in our opinion, would not be sufficient to support an allegation of fraud, even if he had been bound to produce them.
On the second ground of opposition, it is perhaps important to remark that the insolvent’s wife was not made a party to the suit, and that therefore the opponent cannot avail himself of the provision contained in 14th section of the Act of 1840. The charge of fraud ought consequently to be limited to its effect against the insolvent debtor; and we must consider it as having been set up merely for the sole object of depriving him of the benefit of the insolvent laws, .and of subjecting him,.to an imprisonment not exceeding three years.
In order to constitute a fraud, two conditions are legally necessary: there must be the intention of defrauding, consilium fraudis, and the event or the effective and actual loss sustained by the creditors, eventus damm ; if one of these requisites does not exist, there is no fraud. Law 15. ff. qnas in fraud, credit, book 42, tit. 8. Yinnius, in sect. 6, Instit, de Act., Ho. 4, says, Ut hasc actio competat, requi/ritur, ut quid alienatum sit in fronidem areditorum ; in frcmdem autem alienatum hie accipimus, si et animum fraudandi debitin', et *603 eventwm, fraus habueritj nam si alter utrum.desit, et.vel propositumfraudandi nullum fuerit, quod putmerat debitor se sobando me, vel cbeditoees BE IPSA ET EVENTU EEAUDATI NON SINT, HUIO, ACTION! NON EST LOCUS. According to the 22d, 23 dand 24th, sections of the Act of 1817, and the 10 th section of the Act of 1840, facts of the nature of those alleged in the opposition, are considered as presumptive evidence ,of- fraud, subject however to be inquired into as to the true intention of the party against whom the fraud is alleged. Among the grounds of fraud, which may be set up against.an insolvent debtor under the 22d, 23 d and 24th sections of the said Act of 1817, which acts of fraud are made the subject of the 7th section of the Act of 1840, and are attempted to be made applicable to the present case; we find that all persons who shall be convicted of homing concealed any of their property with am, intention to' keep them from their creditors; of having passed sham deeds for the purpose of conveying the whole, or any part of their property, and [389] depriving their creditors thereof; or of having hnowingly omitted to declare any of their property in their schedules, with am, intent to defraud their creditors ; or of having alienated, mortgaged or pledged any of their property to the prejudice of their creditors; or of having within three months next preceding their failure, sold, engaged or mortgaged any of their goods and effects, or of having otherwise disposed of the same, in order to give an unjust preference to one or more of their creditors over the others, shall he considered as fraudulent bankrupts, and debarred from the benefit of the act.
jtsTow, in order to bring home to the debtor the facts of fraud on which the complaining creditor relies, and to give him a fair opportunity of disproving them; and also in order to enable the court to judge of the nature and extent of the fraud alleged, and to ascertain whether the acts complained of, come within the meaning and purview of the law, it is necessary that they should be clearly and distinctly specified in the written opposition; general .allegations are not sufficient.
In this case, what is the principal or material issue of fraud presented by the opposition ? That the insobent within less them a month previous to his failure, sold omd transferred certain property to his wife in payment of her pretended matrimonial rights. The property remained in his possession, it was neither concealed nor put out of the reach of his creditors, and the debtor himself in laying before his creditors the statement of his affairs, apprised them frankly of the object of his act, so as to give them the means of inquiring into its validity, and of controverting the alleged rights of . his wife, nay, it seems to us that his declaration in his hilan destroys any presumption of intentional fraud. The very terms of the opposition, which is merely predicated on points of law arising from the several acts on which the legal rights of the wife ave based, and which are matters more properly to be litigated between her and the creditors, show that the controversy is not such as to be carried beyond the discussion of the contradictory rights of the [390] parties, and that the insolvent’s wife had gained nothing by the act complained of; since, from the schedule of her husband, she was still hound to establish her claims. It is not stated in the opposition that the property transferred was worth more than the price stipulated in the deed, and if it. *604 was, or if it was suspected that it had been, transferred without consideration, the creditors were yet at liberty, under the disclosure made in the bilan, tc compel the insolvent’s wife to prove the legitimacy of her demands against her husband.
It has been strenuously urged that the deed of sale in question was passed with a view of giving to the wife an undue ¡preference over the other creditors and particularly over the opponent: What preference? Surely, it cannot be pretended that by the act complained of she acquired any right of a higher dignity than she had before, there was no use in giving her any preference, as, supposing her claims to be z'eally due, she was, as a maz'ried woman, entitled to be preferred to all the creditors nazned in the bilan, and her legal or tacit mortgage was for her a sufficient guaz-anty that, in case of her being able to prove the amount of her said claims, she would, by preference, obtain the full satisfaction of the sums due' her by the insolvent, and exhaust the whole estate.
On the whole we are unable to perceive in the opposition any substantial fact of fraud, which, under our insolvent laws, were to be submitted to a jury; the allegations therein contained az-e mere matters of legal rights subject to be disputed and contzwezted in the concurso ; in our opinion they do not come within the meaning and object of the above quoted sections of the laws of 1817 and 1840; and from the circumstances disclosed by the z-ecord, we are at a loss to conceive how the jury could find the insolvent guilty of fraud. The intention to defraud, consilium fraudis, far from growing out of the acts of the ,debtor, is at least vez-y dozzbtful; and there has been no actual loss, eventw damni, experienced by the creditors who have yet the sazne right of objecting to the pretended claims of the insolvent’s wife, in the same man-[391] ner and with as much advantage as if no deed of sale of the property had ever been passed.
This view of the case makes it unnecessary to examine the bill of exceptiozzs taken to the rejection of the papers and documents pz'oduced by the insolvent; but we cannot fozhear noticing that the record shows that on the 6th of February, on a motion made by the opponent’s couzzsel, the insolvent’s wife was ordered to produce in couz’t on the day fixed for the trial of the cause, (9th of February,) the very same papers, which, when offered by the appellant as being a part of the act complained of, were rejected by the court. The opponent who, in his opposition, had alluded specially to the said acts in support of his allegations of fraud, was certainly bound by the documents which he had called for, and his objection to their production ought perhaps to have been overruled.
"We do not think that this is such a case as ought to be remanded for a new trial on the allegations of fraud.
It is therefore oz-dered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and proceeding to give such judgment as, in our opinion, ought to have been rendered below; it is ordered and decreed that the appellant be discharged from the opposition made to his being entitled to the benefit of the laws passed for the relief of insolvent debtors; that the appellee’s opposition be dismissed, and that this *605 case' be remanded for further proceedings in the concurso according to law, the said appellee paying the costs of his opposition and of this appeal.