<div style="margin-left:2em">HEWLETT<br>
*v.*<br>
HENDERSON.</div>

attorneys of the plaintiff, appeared for the plaintiff when the case was called, and moved for a continuance, upon affidavit of the absence of one, and the sickness of another, counsel. The continuance was refused on the ground that, the affidavit did not set forth facts and contain allegations furnishing legal cause for granting a continuance. Upon the refusal to postpone the trial, having requested the witnesses for the plaintiff to be called, he again moved for a continuance on the ground that one of plaintiff's witnesses, subpœnaed, had not appeared, and, being a member of the legislature, could not be attached. The defendant's counsel opposed the continuance, offering to guaranty the production of the witness in time to give his testimony on the trial. Pending the argument of the question thus raised, the witness appeared in court. Upon the appearance in court of the witness whose absence had been complained of, the counsel who moved for the continuance retired from the court-house, and, there being no one to represent the plaintiff, a judgment of non-suit was entered upon the record. Under the circumstances thus presented, the court is reluctant to entertain an application to set aside a judgment not alleged to be contrary to law and evidence, nor shown to work an irreparable injury or injustice."

*Michel and Soulé*, for the appellant. *Hiestand*, for the defendant. The judgment of the court ( *King*, J. absent,) was pronounced by

SLIDELL, J. For the reasons assigned by the district judge, it is ordered that the judgment of the District court be affirmed, with costs.

---

## LANDREAUX *v.* MARSOUDET.

Where a recorder of mortgages, who, on the authority and at the instance of the administrator of a succession, illegally cancelled a mortgage, is compelled by a judgment to pay the amount of the mortgage, with interest and the costs of the suit instituted by the mortgagee, he may recover, against the administrator individually, the amount so paid, with interest from judicial demand, and costs of suit.

Admitting the right of an administrator, who has been condemned individually to refund to a register of mortgages an amount recovered from the latter by a mortgagee whose mortgage had been illegally erased at the instance of the administrator, to recover from the creditors of the succession to whom the amount of the mortgage had been paid, which is not conceded, the action against the creditors would be prescribed, under art. 1176 C. C., by three years from the date of the order or judgment under which the payment was made to them.

Interest may be allowed by way of damages.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Le Gardeur*, for the plaintiff. *Marsoudet*, appellant, *pro se*. *Maurian*, on the same side. The judgment of the court ( *King*, J. absent,) was pronounced by

EUSTIS, C. J. On the 20th January, 1847, *Pierre Chigé* recovered judgment, in the Fifth District Court of New Orleans, against *Pierre Landreaux*, who was the recorder of mortgages for the city of New Orleans, for the sum of $1,279 14, with interest from judicial demand, and costs of suit; which judgment was affirmed by this court. See 2 An. p. 606.

The plaintiff, *Chigé*, had purchased certain real estate in New Orleans, at a judicial sale made for the purpose of effecting a partition among heirs. The purchase money was to remain in deposit, in consequence of the existence of a mortgage in favor of the Bank of Louisiana. This deposit was withdrawn without the privity of the purchaser, and an administrator who was appointed to administer the effects of the succession, after the sale to *Chigé*, undertook to raise

<div style="float:right; text-align:center;">LANDREAUX<br><i>v.</i><br>MARSOUDET.</div>

the mortgage which existed in favor of the Bank of Louisiana, and, at his instance, the mortgage was cancelled accordingly, on the records of the mortgage office. The Bank of Louisiana took no part in these proceedings, and an order of seizure was issued to subject the property purchased by *Chigé* to the mortgage as still subsisting, and *Chigé*, after an unsuccessful attempt to resist the bank, was compelled again to pay for the property he had purchased, to the extent of the mortgage debt of the bank. He brought his action against the recorder of mortgages for having thus illegally cancelled the mortgage, and thus enabled the administrator to withdraw the purchase money deposited, and apply it to other purposes than that for which it was intended. *Landreaux*, the plaintiff, having paid this judgment, has instituted the present suit against the defendant, who was the administrator, who took upon himself to raise the mortgage in favor of the Bank of Louisiana. In this suit he seeks to recover the amount of the said judgment and costs, and the sum of $500, for expenses and damages. He obtained judgment against the defendant for the sum of $1442 95, with interest from the judicial demand, and costs: and the defendant has appealed. The case has been argued in a written brief, presented by the defendant in person. He has failed to show any fact or circumstance by which he was justified in raising the mortgage in favor of the Bank of Louisiana. *Williams* v. *Bank of Louisiana*, 17 La. 382. *Bertoli* v. *Citizens' Bank*, 1 An. p. 119. *Gas Bank* v. *Webb*, 2 An. 526. *Alling* v. *Citizens' Bank*, ante 308.

It was on his authority and at his instance, that the recorder cancelled the mortgage on his records, by reason of which he was rendered liable to *Chigé* in the action which we have stated, and the defendant must stand responsible to *Landreaux* for having done this act. It is true that the judgment against *Landreaux*, was rendered on admissions of fact made by *Landreaux*, and that those admisssions are not binding upon the present defendant. But the facts in this case, as we understand them, and as the district judge in his opinion considered them, are as strong against the defendant as the admission made in the suit by the plaintiff; and the present action, as it stands before us, is without any defence on the merits.

The defendant called in warranty two of the creditors of the succession, to whom, it was alleged by him, that the funds deposited by *Chigé* had been distributed. The district judge held that the recourse of the defendant against these parties was prescribed by lapse of time, by virtue of art. 1176 of the Civil Code. Admitting the defendant to have had any right of action against the creditors, in a case of this kind, which is not conceded, we think the prescription established by this article applies to it. The objections made to the precise amount of the judgment have been examined. The district judge has allowed the plaintiff the amount of *Chigé's* judgment paid by him, with interest and costs, and has given him interest from judicial demand. Interest may be allowed by way of damages, and the amount embraced by the objections of the defendant will be but a small compensation for the expense and damage resulting from the facts of which we have evidence before us.

<div style="text-align:right;"><i>Judgment affirmed.</i></div>